

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 780 | DATE | 9/3/2003 |
| CASE TITLE | UNITED STATES OF AMERICA vs. VAN EP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56 [12-1] is hereby granted. In accordance with the judgment, the court issues the attached ORDER canceling Defendant's certificate of naturalization (certified copy of which is to be sent to the Attorney General of the United States) and directing defendant to surrender his certificate of naturalization to the Attorney General of the United States. This case is hereby terminated. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| CG | courtroom deputy's initials | 03 SEP 11 AM 8:27 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 02 CV 780 |
| ) | |
| v. ) | Judge Ronald Guzman |
| ) | |
| VAN EP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff the United States of America's motion for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, Plaintiff's motion for summary judgment is hereby granted.

## BACKGROUND FACTS

This is an action under Section 340(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1451(a), to revoke and set aside an order or naturalization of Defendant Van Ep and to cancel his Certificate of Naturalization, Number 21322305. Section 340(a) of the INA provides:

> It shall be the duty of the United States' attorneys...to institute proceedings in any district in which the naturalized citizen may reside at the time of bringing suit, for the purposes of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the grounds that such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact by willful misrepresentation.

8 U.S.C. § 1451(a).

1

Plaintiff ("United States") has filed a complaint to revoke Mr. Van Ep's naturalized citizenship on the grounds that it was illegally obtained by misrepresentation and concealment of material facts. Appended to the Plaintiff's complaint was an affidavit of Janette Martinez, an officer of the Immigration and Naturalization Service ("INS"), showing good cause for the action. Defendant has opposed the motion arguing that Defendant neither concealed material facts nor willfully misrepresented the facts relevant to his pending citizenship. Van Ep claims that he made mistakes due to his lack of English proficiency, and due to the advice of an INS employee when he completed his N-400. Defendant points out that he later corrected the error when he understood the relevant question and the examiner failed to properly note his correction to the relevant question about his criminal history. Then at the oath at the citizenship ceremony, Van Ep again answered "yes" to having a criminal background. Defendant finally argues that Van Ep's moral character is not a settled issue.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1345. Venue is proper in this judicial district pursuant to 8 U.S.C. §1451(a).

## NATURALIZATION PROCEEDINGS

Defendant Van Ep, a native of Cambodia, became a lawful permanent resident of the United States on September 9, 1975. On April 22, 1995, Van Ep filed with the INS an Application for Naturalization, INS Form N-400, which he signed on November 22, 1995, under penalty of perjury. On May 2, 1996, Van Ep was interviewed for his naturalization application by an INS examiner, Robert Podgorni, who approved his

application that same day. Van Ep took the oath of naturalization on May 24, 1996, and was issued Certificate of Naturalization Number 21322305.

When Van Ep filled out his application on April 22, 1995, he had answered "no" to Question 15(b) of Part 7, which asked: "Have you ever been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance excluding traffic regulations." Van Ep signed the application.

Van Ep showed up for a second interview on May 2, 1996, with INS Examiner Robert Podgorni. At this interview, Van Ep stated that he had been "arrested, charged, and convicted of certain charges and acquitted of others." (Def.'s Memo In Opposition, p.2) Because of apparent miscommunication, however, Van Ep's application was approved.

On May 24, 1996, Van Ep was required to complete form N-445 of Naturalization Oath Ceremony for his oath of citizenship. Here, Van Ep answered "yes" to the question, "Have you knowingly committed any crime or offense for which you have not been arrested, or have you been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, including traffic violations." Again, form N-445 was approved, and the INS administered the oath of citizenship to Van Ep.

## CRIMINAL HISTORY

On May 21, 1991, Van Ep was charged with aggravated criminal sexual abuse in violation of Chapter 38, Section 12-16(d), Illinois Revised Statutes. The offense, a class two felony, was committed in March of 1991, and the victim was a female between thirteen and seventeen years of age. On September 9, 1991, Van Ep pleaded guilty to

3

this charge and was sentenced to three years probation and 90 days work release. Defendant was also ordered to do the following: report for periodic imprisonment, to undergo counseling as seen fit by the Probation Department; to undergo testing for sexually transmitted diseases; was ordered not to have any contact with the victim or her family; and was ordered to pay $100 in court costs as well as $25 per month during his second and third years of probation.

## DISCUSSION

The United States has moved for summary judgment pursuant to Fed. R. Civ. P. 56. The United States contends that Defendant Van Ep's naturalization was "illegally procured" based on two grounds: 1) Van Ep lacked good moral character as required for naturalization because of his prior conviction of an aggravated felony; and 2) Van Ep lacked good moral character because he was convicted of a felony involving moral turpitude during the statutory period. Van Ep opposes this motion claiming that he did not intentionally conceal material facts nor willfully misrepresented his answers to question 15(b), Part 7. Van Ep claims that he was statutorily eligible to become a citizen, and that his moral character is not a settled issue.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Patel v. Allstate Insur. Co.*, 105 F.3d 365, 370 (7th Cir. 1997). In evaluating a motion for summary judgment, the entire record is considered, with all inferences and factual disputes resolved in favor of the nonmovant. *Valance v. Wisel*, 110 F.3d 1269, 1274 (7th Cir. 1997). The movant bears the initial

4

burden of establishing that the record presents no genuine issue of material fact. *Essex v. United Parcel Serv., Inc.*, 111 F. 3d 1304, 1308 (7th Cir. 1997). Then the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmovant cannot succeed in creating a factual dispute solely on allegations in the pleadings but must produce evidence showing there is a disputed issue for trial. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). In order to withstand summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only genuine disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once [United States] citizenship has been conferred, it should not be taken away without the clearest sort of jurisdiction and proof." *Friend v. Reno*, 172 F.3d 638, 646 (9th Cir. 1999) (citing *Schneiderman v. United States*, 320 U.S.118,122 (1943). " The government must prove its case by clear, convincing, and unequivocal evidence and not leave the issue in doubt." *United States v. Kairys*, 782 F.2d 1374, 1378-79 (7th Cir. 1986)(citing *Federenko v. U.S.*, 449 U.S. 490, 505 (1981), *cert. denied*, 469 U.S. 835 (1984). At the same time, the statute requires the revocation of United States citizenship if it was illegally procured or procured by concealment of material fact or by willful misrepresentation, and there must be strict compliance with all congressionally imposed prerequisites to the acquisition of citizenship. Failure to comply with any of these conditions renders the certificate of citizenship 'illegally procured,' and naturalization that

5

is illegally procured can be set aside. *Friend v. Reno, et. al*, 172 F. 3d at 646 (citing *Fedorenko v. United States*, 449 U.S. at 506. As the Seventh Circuit has similarly stated:

> When naturalization is won be deceit, and material misrepresentations are unmasked, the gift of naturalization can be revoked. And under 8 U.S.C. § 1451(a), a certificate of naturalization must be revoked if it was procured illegally, if it was procured by concealment of material fact, or if it was procured by a willful misrepresentation. If those conditions are found, the Court has no discretion to refuse to revoke citizenship.

*U.S. v. Ciurinskas*, 148 F.3d 729, 732 (7th Cir. 1998).

Title 8 U.S.C. § 1451(a) supplies two methods for revocation of an individual's citizenship: (1) if the individual illegally procured his citizenship, or (2) if citizenship were procured by concealment of a material fact or by willful misrepresentation. *United States v. Koziy*, 728 F.2d 1314, 1318 (11th Cir. 1984). Naturalization is "illegally procured" if the individual was statutorily ineligible for naturalization before and including the time he became a citizen. *Fedorenko*, 449 U.S. at 506 (1981). Naturalization is also illegally procured if any statutory requirement is not met at the time naturalization is granted. *United States v. Kairys*, 782 F.2d 1374, 1376 (7th Cir. 1986) (citing *Fedorenko*, 449 U.S. at 506).

The United States argues that it is entitled to summary judgment on the grounds that Defendant Van Ep was statutorily ineligible for naturalization when he took his oath in that he lacked "good moral character" as required by the INA. Section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3), provides that no person shall be naturalized unless that person "during all periods referred to in this subsection has been and still is a person of

good moral character." The statutory period within which good moral character is required lasts from five years prior to the filing of the application for naturalization and continues until the individual takes the oath of allegiance and becomes a United States citizen. In the present case, Defendant Van Ep was thus required to be a person of good moral character from April 22, 1990 (five years prior to his April 22, 1995 filing) through May 24, 1996.

As the United States points out in its memorandum, the INA does not define "good moral character." However, the statute does preclude the establishment of good moral character for convictions of certain offenses. INA § 101(f)(3),(f)(8); 8 U.S.C. § 1101(f)(3), (f)(8). The United States offers two reasons why Defendant Van Ep should be precluded from establishing good moral character: (1) Defendant's post-November 29, 1990 conviction for an aggravated felony; and (2) Defendant's conviction of a felony crime during the statutory period which involved moral turpitude.

### Defendant's Conviction of Aggravated Criminal Sexual Abuse After November 29, 1990

Section 101(f)(8) of the INA, 8 U.S.C. § 1101(f)(8), bars an individual from achieving good moral character if he "at any time has been convicted of an aggravated felony (as defined in subsection (a)(43) of [the INA]"). Section 321 of The Immigration Act of 1990 states that this provision applies to any conviction[1] on or after November 29,

---

[1] As recently explained in *Gill v. Ashcroft*, No. 02-2994, 2003 WL 21525603 (7th Cir. July 8, 2003) federal immigration law has its own definition of the word conviction. A provision added by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub L. 104-208, 110 Stat. 3009 (Sept. 30, 1996), reads as follows: The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere

7

1990. It is undisputed that Defendant Van Ep pleaded guilty to aggravated criminal sexual abuse of minor in violation of Chapter 38, Section 12-16(d). Under Illinois law this crime is classified as a Class 2 felony. 720 ILCS 5/12-16(g). Defendant Van Ep's September 9, 1991 conviction of aggravated criminal sexual abuse under Illinois Revised Statutes, Ch. 38, Section 12-16(d) (now 720 ILCS 5/12-16(d) ) is an aggravated felony as defined by the INA's standards and qualifications. 8 U.S.C. § 1101(f)(8); 8 C.F.R. § 1101(a)(43)(A) and (F). Van Ep's conduct in April of 1991 clearly meets this definition of an aggravated felony. Because Van Ep had been convicted of aggravated sexual abuse of a minor in 1991 he was ineligible for naturalization in May of 1996.

Defendant argues that the implications of his guilty plea still remain "incomprehensible" to him in that he was unaware he was pleading guilty to an aggravated felony, had no legal counsel and no interpreter. Each of these arguments are insufficient to raise an issue of material fact. First, Van Ep offers no facts whatsoever to support his argument that he did not understand his conviction, did not have legal counsel, or an interpreter present at his conviction. According to Van Ep's criminal pleadings case from the Circuit Court of DuPage County, Van Ep did in fact have an Assistant Public Defender assigned to the case (See Exhibit 3, Plaintiff's 56.1 Statement). It is also undisputed that Van Ep pled guilty and was sentenced to periodic imprisonment (90 days) in the DuPage County jail, participation in a work release program, costs, testing for sexually transmitted diseases and no contact with the victim.

---

or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed. 8 U.S.C. § 1101(a)(48)(A).

As to Van Ep's alleged inability to understand English this argument constitutes a collateral attack on the underlying judgment which this Court is not in a position to entertain. Further, even if a collateral attack was permissible, the facts alleged by Van Ep are insufficient to raise an issue of material fact. Defendant relies on one line from the deposition of INA Examiner Robert Podgorni, who stated that he "[didn't] know what [Defendant] was telling me." This is neither proof of Defendant's incomprehensibility of the English language or the ramifications of his conviction.

Defendant's second assertion as to why he was not statutorily ineligible to become a citizen is because the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) included crimes involving sexual abuse of a minor under their qualifications for aggravated felony five years after Defendant was convicted of his 1991 aggravated criminal sexual abuse. Specifically, Defendant claims that he was denied Due Process because he "remained oblivious to the immigration implication of [his] plea" and thus surrendered certain rights without knowing it. This argument also fails as a matter of law. As the United States points out in its memorandum, the fact that the 1996 amendments in IIRIRA occurred after Defendant's conviction does not matter, since this Court has held that such a definition of aggravated felony may be applied retroactively. *Flores-Leon v. I.N.S.*, 272 F.3d 433, 438-439 (7th Cir. 2001).[2]

Therefore, Defendant's aggravated felony conviction precluded him from achieving good moral character as required by the INA, and Van Ep was statutorily ineligible to naturalize. Thus, his naturalization was illegally procured for purposes of revocation and summary judgment is granted on this first ground.

---

[2]The Court assumes that neither party has discussed *I.N.S. v. St Cyr*, 533 U.S. 289 (2001) because this is a revocation of citizenship issue not removal.

9

## Defendant's Conviction of the Crime Aggravated Sexual Abuse of a Minor Constitutes a Crime of Moral Turpitude During the Statutory Period

Plaintiff United States next asserts that Van Ep lacked the required good moral character because he "was convicted of a crime involving moral turpitude during the period of time he was required to establish his good moral character." The United States claims that the offense of aggravated criminal sexual abuse in violation of 720 ILCS, § 5/12-16(d) is a crime involving moral turpitude. We agree.

Section 101(f)(3) of the INA bars an individual from establishing good moral character if he committed and was convicted of a crime involving moral turpitude during the statutory period. "Whether an alien's crime is one involving moral turpitude is determined by the statute and record of conviction rather than the alien's specific act" *De Leon-Reynoso v. I.N.S.*, 293 F.3d 633, 635 (3d Cir. 2002). While Federal immigration law does not define "moral turpitude," *Pichardo v. I.N.S.* held that moral turpitude depends upon the inherent nature of the crime, as defined in the statute concerned, rather than the circumstances surrounding the particular transgression. 104 F.3d 756, 759 (5th Cir. 1997). As described by *Pichardo,* moral turpitude "refers generally to conduct that shocks the conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society...." *Id.* ay 760. Further, crimes involving sexual abuse, especially those involving children, have generally been recognized as crimes involving moral turpitude. *Id.* As, the Fourth and Eighth Circuits have held that aggravated sexual abuse of a minor is a crime involving moral turpitude. *Medina v. United States*, 259 F.3d 220 (4th Cir. 2001); *Mendez-Morales v. I.N.S.*, 119 F.3d 738 (8th Cir. 1997); *Marciano v. I.N.S.*, 450 F.2d 1022 (8th Cir. 1971).

In the present case, Defendant pled guilty[3] to aggravated criminal sexual abuse, a crime that required that he be at least five years older than his 13-year-old victim. In arguing that his moral character is not a settled issue, Defendant "reiterates his interpretation of the encounter that led to his conviction." However, as the United States points out in its reply to Defendant's answer, "a federal civil court is not an appropriate forum to litigate such a claim." *See, e.g., Carrera-Valdez v. Perryman*, 211 F.3d 1046 (7th Cir. 2000). In other words, Defendant cannot now argue a defense for his conviction.

### Defendant's Disclosures

Defendant finally claims that he should not be denaturalized since he neither concealed material facts nor willfully misrepresented himself in his application for naturalization. As stated above, however, Title 8 U.S.C.A. § 1451(a) supplies two methods for revocation of an individual's citizenship: (1) if the individual illegally procured his citizenship, or (2) if citizenship were procured by concealment of a material fact or willful misrepresentation. *Koziy*, 728 F.2d at 1318. Naturalization is "illegally procured" if the individual was statutorily ineligible for naturalization before and including the time he became a citizen. *Fedorenko*, 449 U.S. at 506. Here, the fact that Defendant may not have procured his citizenship by concealment of a material fact or willful misrepresentation is irrelevant since the evidence has clearly shown Defendant's citizenship was illegally procured due to his statutory ineligibility.

---

[3]The term "conviction means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed. 8 U.S.C. § 1101(a)(48)(A).

Because Defendant's criminal conviction is conclusive evidence of the facts in dispute, the Plaintiff's motion for summary judgment is hereby granted and Defendant's naturalization is therefore revoked.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56 is hereby granted [#12-1].The revocation and setting aside of the order admitting defendant to citizenship and the canceling of defendant's certificate of naturalization are effective as of the original date of the order and certificate, which is May 24, 1996. *See* U.S.C. § 1451(a). In accordance with this judgment, the court issues the attached ORDER canceling Defendant's certificate (a certified copy of which is to be sent to the Attorney General of the United States) and directing defendant to surrender his certificate of naturalization to the Attorney General of the United States. *See, id.* § 1451(f). This case is hereby terminated. This is a final and appealable order.

**SO ORDERED.**      ENTERED: _____
                     Ronald A. Guzman
                     **United States Judge**

DATE: 9/5/03

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 02-CV-780 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Guzman |
| v. | ) | |
| | ) | |
| Van Ep, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

ORDER

AND NOW this 3rd day of September, 2003, upon consideration of plaintiff's memorandum of points and authorities, plaintiffs supporting declarations and documents, and any opposing memoranda and documents, IT IS HEREBY ORDERED:

(1) That Plaintiff's Motion for Summary Judgment is GRANTED.

(2) That the May 24, 1996 naturalization of defendant, Van Ep, ordered by the Attorney General of the United States and admitting defendant to United States' citizenship, is REVOKED and SET ASIDE and Certificate of Naturalization No. 21322305, issued by the Attorney General of the United States, is CANCELED.

(3) That from the date of this Order, defendant is forever RESTRAINED and ENJOINED from claiming any rights, privileges, or advantages of United States citizenship based upon his May 24, 1996 naturalization.

(4) That defendant shall immediately SURRENDER and DELIVER his Certificate of Naturalization, any copies thereof in her possession, and any other indicia of United States

citizenship, to the Attorney General of the United States, or her representative, the United States Attorney for the Northern District of Illinois.

(5) That the Clerk of the Court shall TRANSMIT a certified copy of this Order to the Attorney General of the United States.

RONALD GUZMAN
U.S. DISTRICT COURT JUDGE